IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| Paul Crandall,<br><br>        Plaintiff,<br><br>   v.<br><br>Perfect Pizza Pie, Inc.; Ahsan Sheikh; John Doe Corp. 1-10; John Doe 1-10,<br><br>        Defendants. | Case No.<br><br>Judge<br><br>Magistrate Judge<br><br>Jury Demand Endorsed Hereon |

COMPLAINT

## I. INTRODUCTION

1. Paul Crandall brings this action against Perfect Pizza Pie, Inc. and Ahsan Sheikh d/b/a Domino's Pizza. Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff with minimum wages as required by the Fair Labor Standards Act ("FLSA") and the Florida Constitution, Art. X, § 24.

2. Defendants operate approximately 33 Domino's pizza restaurants in the State of Florida (the "Perfect Pizza Pie Domino's" stores).

3. Plaintiff works for Defendants as a delivery driver at their Ponte Vedra, Florida location.

4. Defendants has repeatedly and willfully violated the Fair Labor Standards Act and Florida minimum wage law by failing to adequately reimburse Plaintiff for his delivery-related expenses, thereby failing to pay Plaintiff the legally mandated minimum wages for all hours worked.

1

## II. Jurisdiction and Venue

5. Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction over Plaintiff's FLSA claims.

6. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's Florida law claims.

7. Venue in this Court is proper under 28 U.S.C. § 1391(b) because the parties reside in this district and a substantial part of the events giving rise to the claim herein occurred in this district and division.

## III. Parties

### Plaintiff

8. Plaintiff Paul Crandall resides in Atlantic Beach, Duvall County, Florida. At all times material herein, Plaintiff worked within the boundaries of the Middle District of Florida.

9. Plaintiff was an "employee" of all of the Defendants as defined in the FLSA and Fla. Const., Art. X, § 24.

10. Plaintiff has given written consent to join this action.

### Defendants

**Perfect Pizza Pie, Inc.**

11. Perfect Pizza Pie, Inc. is a Florida limited liability company with a principal place of business at 160 Cypress Point Parkway, Palm Coast, Flagler County, Florida 32164.

12. Ahsan Sheikh is the owner of Perfect Pizza Pie, Inc.

13. Perfect Pizza Pie, Inc. operates or has operated during the relevant time period over 33 Domino's Pizza stores in Florida.

14. Perfect Pizza Pie, Inc. has substantial control over Plaintiff's working conditions, and over unlawful policies and practices alleged herein.

15. Perfect Pizza Pie, Inc. has direct or indirect control over the terms and conditions of Plaintiff's work.

16. At all relevant times, Perfect Pizza Pie, Inc. maintained control, oversight, and direction over Plaintiff including, but not limited to hiring, firing, disciplining, timekeeping, payroll, reimbursements, payrates, deductions, and other practices.

17. Perfect Pizza Pie, Inc. is an "employer" of Plaintiff as that term is defined by the FLSA and Florida law.

18. At all relevant times, Perfect Pizza Pie, Inc. has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

19. Perfect Pizza Pie, Inc.'s gross revenue exceeds $500,000 per year.

**Ahsan Sheikh**

20. Ahsan Sheikh is the owner and CEO of Perfect Pizza Pie, Inc.

21. Ahsan Sheikh is the owner and CEO of Perfect Pizza Pie, Inc. Domino's stores ("Perfect Pizza Pie Domino's").

22. Ahsan Sheikh is the owner and CEO of other legal entities that operate the Perfect Pizza Pie Domino's stores.

23. Ahsan Sheikh is individually liable for Plaintiff's claims under the definitions of "employer" set forth in the FLSA and Florida law because he owns and operates the Perfect Pizza Pie Domino's stores, serves as a manager and/or member of Perfect Pizza Pie, Inc., ultimately

controls significant aspects of Perfect Pizza Pie Domino's stores day-to-day functions, and ultimately controls compensation and reimbursement of employees at Perfect Pizza Pie Domino's stores. 29 U.S.C. § 203(d).

24. At all times relevant, by virtue of his role as owner and CEO of Perfect Pizza Pie, Inc., Ahsan Sheikh has had financial control over the operations at each of the Perfect Pizza Pie Domino's stores.

25. At all relevant times, by virtue of his role as owner and CEO of Perfect Pizza Pie, Inc., Ahsan Sheikh has a role in significant aspects of the Perfect Pizza Pie Domino's stores' day-to-day operations.

26. At all relevant times, by virtue of his role as owner and CEO of Perfect Pizza Pie, Inc., Ahsan Sheikh has had control over the Perfect Pizza Pie Domino's stores' pay policies.

27. At all relevant times, by virtue of his role as owner and CEO of Perfect Pizza Pie, Inc., Ahsan Sheikh has had power over personnel and payroll decisions at the Perfect Pizza Pie Domino's stores, including but not limited to influence of delivery driver pay.

28. At all relevant times, by virtue of his role as owner and CEO of Perfect Pizza Pie, Inc., Ahsan Sheikh has had the power to hire, fire, and discipline employees, including delivery drivers at the Perfect Pizza Pie Domino's stores.

29. At all relevant times, by virtue of his role as owner and CEO of Perfect Pizza Pie, Inc., Ahsan Sheikh has had the power to stop any illegal pay practices that harmed delivery drivers at the Perfect Pizza Pie Domino's stores.

30. At all relevant times, by virtue of his role as owner and CEO of Perfect Pizza Pie, Inc., Ahsan Sheikh has had the power to transfer the assets and liabilities of Perfect Pizza Pie Domino's stores.

31. At all relevant times, by virtue of his role as owner and CEO of Perfect Pizza Pie, Inc., Ahsan Sheikh has had the power to declare bankruptcy on behalf of Perfect Pizza Pie Domino's stores.

32. At all relevant times, by virtue of his role as owner and CEO of Perfect Pizza Pie, Inc., Ahsan Sheikh has had the power to enter into contracts on behalf of Perfect Pizza Pie Domino's stores.

33. At all relevant times, by virtue of his role as owner and CEO of Perfect Pizza Pie, Inc., Ahsan Sheikh has had the power to close, shut down, and/or sell each of the Perfect Pizza Pie Domino's stores.

34. At all relevant times, by virtue of his role as an owner and CEO of Perfect Pizza Pie, Inc., Ahsan Sheikh had authority over the overall direction of each Perfect Pizza Pie Domino's store and was ultimately responsible for their operations.

35. The Perfect Pizza Pie Domino's stores function for Ahsan Sheikh's profit.

36. Ahsan Sheikh has influence over how the Perfect Pizza Pie Domino's stores can run more profitably and efficiently.

**John Doe Corporations 1-10**

37. Upon information and belief, and in anticipation of likely evidentiary support after a reasonable opportunity for discovery, Defendants own and operate other entities and/or limited liability companies that also qualify as Plaintiff's "employer" under the FLSA and Florida law.

38. The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

**John Doe 1-10**

39. Upon information and belief, and in anticipation of likely evidentiary support after a reasonable opportunity for discovery, there are other Defendants who own an interest and/or have operational control over the Perfect Pizza Pie Domino's stores that also qualify as Plaintiff's "employer" under the FLSA.

40. The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

## IV. Plaintiff's Factual Allegations

41. Plaintiff has worked at Defendants' Domino's store in Ponte Vedra, Florida from 2014 to present.

42. Plaintiff is an hourly, non-exempt employee of Defendants.

43. As a delivery driver, Plaintiff delivers pizza and other food items to Defendants' customers' homes and businesses.

44. When he is not making deliveries, Plaintiff works inside the restaurant, completing tasks such as taking orders, making pizza, building pizza boxes, taking out trash, sweeping up the food line, mopping and sweeping, and completing other general tasks within the store.

45. Plaintiff is paid at or close to Florida minimum wage for the hours he works inside the store.

46. Plaintiff is paid minimum wage minus a tip credit for the hours he works completing deliveries.

47. Plaintiff drives his personal car to make deliveries for Defendants.

48. Defendants required and continue to require Plaintiff to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, registration, licensing, and financing costs, and other equipment necessary for delivery drivers to complete their job duties.

49. Pursuant to such requirements, Plaintiff purchases gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, registration, licensing, and financing costs, and suffers automobile depreciation all for the primary benefit of Defendants.

50. Plaintiff regularly makes approximately three deliveries per hour during the hours he works as a delivery driver.

51. Defendants do not record all of Plaintiff's actual expenses incurred while completing deliveries for them.

52. Defendants do not reimburse Plaintiff at the IRS standard business mileage rate for each mile he drives.

53. Defendants do not reimburse Plaintiff based on his actual expenses.

54. Defendants do not reimburse Plaintiff based on a reasonable approximation of his expenses.

55. Plaintiff is reimbursed at a flat-rate of $1.25 per delivery while completing deliveries for Defendants.

56. Plaintiff estimates that he drove on average approximately 8 miles round trip per delivery.

57. Plaintiff's per mile reimbursement averages to $.16 per mile ($1.25 / 8 miles) per delivery.

58. During 2019, for example, the IRS business mileage reimbursement has been $.58 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using that IRS rate as a reasonable approximation of Plaintiff's automobile expenses, every mile he drives on the job decreases his net wages by approximately $.42 ($.58 - $.16) per mile. Considering Plaintiff's estimate of about 8 average miles per delivery, Defendants under-reimburse him about $3.36 per delivery ($.42 x 8 average miles).

59. Thus, Plaintiff consistently "kicks back" to Defendants approximately $10.08 per hour ($3.36 per delivery x 3 deliveries per hour).

60. Defendants fail to properly claim a tip credit from Plaintiff's wages because they failed to pay the wage rate they promised they would pay, after accounting for unreimbursed expenses.

61. As a result of unreimbursed improperly taking a tip credit from Plaintiff's wages, automobile expenses, and clock in/out procedures, Defendants have failed to pay Plaintiff minimum wage as required by law.

### IV. Causes of Action

#### Count 1
#### Failure to Pay Minimum Wages - Fair Labor Standards Act

62. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

63. Plaintiff is a non-exempt, hourly employee entitled to receive no less than minimum wage for all hours worked.

64. Defendants paid Plaintiff at or close to minimum wage for all hours worked.

65. Defendants required and continue to require Plaintiff to pay for automobile expenses and other job-related expenses out of pocket, and failed to properly reimburse Plaintiff for said expenses.

66. By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff.

67. Plaintiff has been damaged by Defendants' willful failure to pay minimum wage as required by law.

68. As a result of Defendants' willful violations, Plaintiff is entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, liquidated damages, costs, and attorneys' fees.

## Count II
### Failure to Pay Minimum Wage – Florida Constitution, Art. X, Section 24

69. Plaintiff restates and incorporates the following allegations as if fully rewritten herein.

70. Defendants paid Plaintiff below minimum wage for hours he worked and is working by requiring them to cover automobile expenses and other job-related expenses.

71. The Florida Constitution, Article X, Section 24 requires that employers be paid not less than minimum wage as determined by an inflation index (currently $8.46/hour) for all hours worked.

72. Because Defendants required and continue to require Plaintiff to pay for automobile expenses and other job-related expenses out of pocket, Defendants failed to pay Plaintiff minimum wage.

73. As a result of Defendants' willful violations, Plaintiff is entitled to damages, including but not limited to unpaid wages, unreimbursed expenses, an additional one times unpaid wages/unreimbursed expenses in liquidated damages, costs, and attorney fees pursuant to Section 24 for the five years preceding the filing of the Complaint.

**WHEREFORE**, Plaintiff Paul Crandall prays for all of the following relief:

A. Unpaid minimum wages, reimbursement of expenses, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations.

B. A declaratory judgment that the practices complained of herein are unlawful under the Florida Constitution, Art. X, Section 24 and that Defendants' violations were willful.

C. An award of damages under Florida Constitution, Article X, Section 24, based on Defendants' willful failure to pay minimum wages, calculated as an additional one time of back wages as liquidated damages, attorney's fees, and costs.

D. An award of prejudgment and post-judgment interest.

E. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

F. Such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

/s/ Gary R. Kessler
Gary R. Kessler (Fla. Bar. No. 232777)
GARY R. KESSLER P.C.
3379 Peachtree Road NE, Suite 400
Atlanta, GA 30326
(404) 909-8100 (Phone)
(404) 909-8120 (Fax)
(*gkessler@martensonlaw.com*)

Andrew R. Biller (*pro hac vice forthcoming*)
BILLER & KIMBLE, LLC
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 604-8759
Facsimile: (614) 340-4620
*abiller@billerkimble.com*

Andrew P. Kimble (*pro hac vice forthcoming*)
Philip J. Krzeski (*pro hac vice forthcoming*)
BILLER & KIMBLE, LLC
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
Telephone: (513) 715-8711
Facsimile: (614) 340-4620
*akimble@billerkimble.com*
*pkrzeski@billerkimble.com*

www.billerkimble.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Gary R. Kessler
Gary R. Kessler